IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Antonio Saunders, )
    Plaintiff, )
                )
v. ) 1:07cv1094 (LMB/BRP)
                 )
Dickerson, et al., )
    Defendants. )

FILED JUN 25 2008 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Antonio Saunders, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983 against "R. Cherry," Superintendent of the Hampton Roads Regional Jail ("HRRJ"), Commonwealth's Attorneys "C. Perkins" and "H.Gwynn," a "Jane Doe" employee of the Commonwealth's Attorneys Office, and HRRJ Classification Officer "Dickerson." After reviewing plaintiff's complaint, the claims against defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I.

Plaintiff's handwritten complaint at times borders on the incomprehensible, but it appears that in May of 2007, plaintiff was incarcerated in the HRRJ as a pre-trial detainee. On or about May

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

16, 2007, defendant Dickerson sent plaintiff a waiver form from the Newport News, Virginia office of the Commonwealth's Attorney, which is run by defendants Gwynn and Perkins. The waiver form requested that plaintiff, in his words, "waive his rights to use all telephone privileges at the HRRJ. Plaintiff refused to sign the waiver and asserts that Gwynn and Perkins then "slandered, libel [sic] and defamed [his] character by asassination [sic]" by telling defendant Dickerson, an HRRJ classification officer, that plaintiff had made threatening phone calls to his wife by "3-way phone." As a result, plaintiff was placed in administrative segregation by defendants Dickerson and Cherry, the HRRJ Superintendent, at the instruction of a "Jane Doe employee" of the Newport News Commonwealth's Attorney's office. Plaintiff raises a litany of complaints concerning his administrative segregation. Specifically, plaintiff asserts he was:

> awaiting trial and denied inadequate [sic] access to the law library because of his administrative segregation status, because of this [plaintiff] couldn't call his family nor defense Attorney's [sic] to prepare his case for his defense, and he was subjected to atypical hardship[,] denied medical, diet, and caused [sic] plaintiff mental anguish, stress, duress, pain that caused his ulcers to bleed worst [sic] than it was [sic] and medical wouldn't treat him as he would of [sic] been treated if plaintiff was in population. When the plaintiff did go to the law library[,] they had him shackled and handcuffed .... This caused a disadvantage, stress and was bothersome, harrassment [sic] that extended because [of] these false accusations .... [Defendants] Cherry and officer Dickerson ... [took] away plaintiff's privileges without due process of the law and subjecting [sic] the plaintiff to cruel and unusual punishment, lesser food on the trays, no longer getting laundry done 3 times a week, improper cell clean up ... and the defendants lied by saying that they sent [him] they [sic] paperwork when they concealed all information and even refused to give [him] a copy of the waiver [he] refused to sign.

Finally, plaintiff claims, without further explanation, that he is being unlawfully punished in retaliation for his numerous complaints and grievances. He seeks monetary damages, the restoration of all of his unspecified privileges and a new trial on all of his criminal charges.[2]

---

[2] Any challenge to the fact or duration of plaintiff's confinement is not properly before the Court in this § 1983 case. Instead, the appropriate remedy is a petition for a writ of habeas corpus, not a claim under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see generally Wilkinson

2

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). The first standard include those claims based upon an "indisputably meritless legal theory" or "claims where [the] 'factual contentions are clearly baseless.'" Clay v. Yates, 809 F.Supp. 417, 427 (E.D.Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the "familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D.Va. 1998). In considering a motion to dismiss under Rule 12(b)(6), the court must presume that all factual allegations in the complaint are true and accord all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994); see Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than one that is merely "conceivable." Bell Atlantic Corp. v. Twombly, – US – , 127 S.Ct. 1955, 1965, 1974 (2007).

## III.

Although district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D.Va. 1999). To state a cause of action under § 1983, plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of

---

v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions).

and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them.

### A. Libel, Slander & Defamation

Plaintiff alleges that defendants Gwynn and Perkins committed libel, slander, and defamed plaintiff's character when they falsely informed defendant Dickerson that plaintiff made threatening phone calls to his wife. Section 1983 provides a vehicle for the vindication of federally-protected rights, not rights arising under and secured by state law. See Weller v. Dep't of Social Services for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990). Plaintiff's reputation is protected through state tort law, and a mere allegation of damage to one's reputation and character fails to implicate any liberty or property interests protected by the Constitution. Id.; see also, e.g., Lamb v. Rizzo, 391 F.3d 1133, 1139 (10th Cir. 2004); Underwager v. Channel 9 Austl., 69 F.3d 361, 366 (9th Cir. 1995). Moreover, absent a claim that any defamation plaintiff suffered caused injury to any federally protected right, a bare allegation of defamation is not sufficient to state a § 1983 claim. See Paul v. Davis, 424 U.S. 693, 711-12 (1976). Plaintiff appears to suggest that as the result of Gwynn and Perkins' commission of slander, libel and defamation, plaintiff suffered the injury of being placed in administrative segregation. However, as explained infra in Part B, plaintiff had no federally protected right to be free from placement in administrative segregation. As such, this claim does not state a claim for relief which can be granted in this § 1983 proceeding.[3] Therefore, this claim will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

### B. Placement in Administrative Segregation

Liberally construed, plaintiff next asserts that his placement in administrative segregation was

---

[3] Plaintiff, of course, remains free to present his claims for slander, libel and defamation to the appropriate state court.

4

effected without procedural due process, in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. The clause applies when government action deprives an individual of a legitimate liberty or property interest. See Bd. of Regents v. Roth, 408 U.S. 564, 570 (1972). Thus, in analyzing a claim for deprivation of procedural due process, the Court must identify whether the alleged deprivation impacts such a protected interest. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). To show the deprivation of a liberty interest protected by the Due Process Clause in this case, plaintiff must allege facts sufficient to show that his confinement creates an atypical or significant hardship in relation to the ordinary incidents of jail life. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). As a general matter, inmates have no protected liberty interest in avoiding placement in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Beverati, 120 F.3d at 502; see also Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) ("[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate ...."). In this case, other than his conclusory claim that he was subjected to "atypical hardship" by being placed in administrative segregation, the complaint fails to allege facts sufficient to show that plaintiff was subjected to conditions so markedly different from any he experienced in the jail's general population. As plaintiff has no liberty interest in avoiding placement in administrative segregation, jail officials were not required to provide plaintiff with procedural due process before effectuating that placement. Accordingly, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

C. Access to the Courts: Law Library & Telephone Access

Next, plaintiff complains that, as a result of his placement in administrative segregation, he was "denied inadequate [sic] access to the law library"[4] and could not telephone family or his defense attorney to prepare for his pending criminal case. Although jail inmates such as plaintiff have a right to meaningful access to the courts, Johnson v. Avery, 393 U.S. 483, (1969); Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993) (citing Bounds v. Smith, 430 U.S. 817, 822 (1977)), that access may be satisfied by the availability of legal materials, by counsel, or by any other appropriate device of the State. Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975). To state a claim for denial of access to the courts, a plaintiff must allege facts sufficient to show that the law library or legal assistance was inadequate and that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084-85; see, e.g., Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir. 1987) (inmate must show a specific injury or actual harm from absence of a law library when inmate was "housed only temporarily in a local jail"). Plaintiff's allegations concerning the law library fail to state a claim for denial of access to the courts because plaintiff, a pre-trial detainee awaiting trial at a local jail, had no constitutional entitlement to law library access as he was represented by an attorney in his pending criminal case. Nothing in the complaint suggests, moreover, that the legal assistance, advice or counsel rendered by that attorney was in any way inadequate. Finally, plaintiff's allegations fail because there is no suggestion or allegation that plaintiff sustained any actual injury as result of his inability to access the law library, or as the result of the library's inadequacy.

Plaintiff's allegations concerning his telephone access fail to state a claim for access to the

---

[4] It is unclear from this statement whether plaintiff is complaining about his ability to access or the frequency with which he could access the law library or whether he is complaining that the law library facilities were inadequate. However, in light of plaintiff's pro se status, the Court will assume that he is raising both challenges.

courts for similar reasons. Although jail inmates such as plaintiff have a constitutional right to seek and receive assistance of attorneys, Procunier v. Martinez, 416 U.S. 396, 419 (1974); Bounds, 430 U.S. at 821, they have no right to any particular means through which to exercise that right of access. Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use"); see Benzel v. Grammar, 869 F.2d 1105, 1108 (8th Cir. 1989) (prisoners have no right to unlimited telephone use). Plaintiff's claim here fails because there is no suggestion from the complaint that plaintiff was unable to contact his attorney and family to prepare for his criminal case by means other than the telephone. There is no suggestion, for example, that plaintiff could not write to his attorney or family members or was unable to visit with either or both parties for the purpose of preparing for his defense. The only claim is that plaintiff could not contact either or both of these parties by telephone. But plaintiff has no constitutional right to do so by means of use of a telephone. Moreover, even assuming that plaintiff was unable to contact family and defense counsel, there is no indication from the complaint that any such denial of access resulted in unfair prejudice to plaintiff. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Accordingly, this claim will also be dismissed. 28 U.S.C. § 1915A(b)(1).

D. Jail Conditions

Next, plaintiff raises various allegations concerning the conditions he experienced during administrative segregation, and, liberally construed, claims that these conditions violate his right under the Eighth Amendment to be free from the imposition of cruel and unusual punishment. As plaintiff was a pre-trial detainee at the time he was placed in segregation, his claims concerning the conditions of that placement are governed by the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. However, as the Fourth Circuit has recognized, Eighth Amendment

jurisprudence respecting the punishment of convicted inmates is, to some extent, applicable to define the protections afforded to pre-trial detainees under the Fourteenth Amendment. See Whisenant v. Yuam, 739 F.2d 160, 163 n.4 (4th Cir. 1984); Westmoreland v. Brown, 883 F.Supp. 67, 73 (E.D.Va. 1995). The due process rights of a pre-trial detainee are "at least as great as" or "co-extensive" with the Eighth Amendment protections available to convicted prisoners. City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); Turner v. Knight, 121 Fed.Appx. 9, 13 (4th Cir. 2005). Moreover, given that Eighth Amendment jurisprudence addresses the contours of the term "punishment," a term at the heart of the protections inmates are afforded under the Eighth and Fourteenth Amendments, such jurisprudence is relevant in assessing plaintiff's claims.

1. Medical Care

First, plaintiff asserts that while he was in administrative segregation he was "denied medical" and that "medical wouldn't treat him as he would of [sic] been treated if [he] was in population." It is well-settled that pre-trial detainees such as plaintiff have a constitutional right under the Fourteenth Amendment to the provision of adequate medical care, a right which is violated when jail officials act with deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Whisenant v. Yuam, 739 F.2d 160, 163 n.4 (4th Cir. 1984). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must demonstrate a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must show deliberate indifference to that serious medical need. For this second, subjective prong, an assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106;

Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Plaintiff's bare allegations fail to meet this exacting standard. Plaintiff alleges that he has an ulcer. Assuming that this constitutes a serious medical condition, there are simply no facts in the complaint to suggest that the named defendants or any other jail officials acted with deliberate indifference to that ulcer or any other serious medical conditions of the plaintiff. Plaintiff's conclusory claim that unidentified jail officials in the medical department "wouldn't treat him as he would of [sic] been treated if [he] was in population" does not establish that jail officials acted in a manner so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. Accordingly, this claim will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

### 2. Placement in Handcuffs

Next, plaintiff complains that he was "shackled and handcuffed" when he was allowed to visit the jail's law library. He complains that such shackling was "bothersome." Such claim, however, is of no constitutional moment because plaintiff does not allege that he suffered any injury as a result of the restraint that rises to the level of a violation of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520 (1979); Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997). Further, the act of requiring plaintiff to remain in restraints when he visited the law library does not rise to the level of deliberate indifference. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Consequently, this claim must be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

### 3. Food, Laundry & Cell Cleanup

Plaintiff also complains that during his stay in administrative segregation, he was subject to "lesser food on the trays, no longer getting laundry done 3 times a week, and improper cell clean up ...." To establish a claim of cruel and unusual punishment, plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Only those deprivations denying "the minimal civilized measures of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. Wilson v. Seiter, 501 U.S. 294, 298 (1991); Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981). Thus, the deprivation must result in serious injury to the prisoner. Strickler, 989 F.2d at 1381. However, plaintiff does not allege that he suffered any injury as the result of receiving "lesser" food on his food tray, no longer getting his laundry three times a week, or "improper" cleanup of his cell, much less an injury sufficiently serious to state a claim under the Eighth Amendment. Therefore, this claim will also be dismissed. 28 U.S.C. § 1915A(b)(1).

### E. Retaliation

Plaintiff also claims, without further elaboration, that he his being unlawfully punished in retaliation for his numerous complaints and grievances. Claims of retaliation are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). To state a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75. Moreover, he must allege sufficient facts to support his allegation of a retaliatory

10

motive behind defendants' actions. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). Bare assertions of retaliation do not establish a claim of constitutional dimensions. Adams, 40 F.3d at 75. In addition, plaintiff must allege with specificity that "but for the retaliatory motive, the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Ponchik v. Bogan, 929 F.2d 419 (8th Cir. 1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal). In this case, plaintiff asserts that he is being punished for filing complaints and grievances. However, plaintiff has alleged nothing more than a "bare assertion" of retaliation, which, as noted, is insufficient to establish a constitutional claim. Moreover, jail inmates simply have no constitutionally protected right to use the jail grievance procedure to air their complaints to jail officials. Therefore, because this claim does not state a claim for which relief can be granted in this § 1983 proceeding, it will be dismissed. 28 U.S.C. § 1915A(b)(1).

F. Remaining Claim

Finally, plaintiff asserts that defendants lied to him and failed to give him a copy of the telephone waiver he refused to sign. However, as there is no indication from the complaint that the defendant' alleged lie or failure resulted in the deprivation of plaintiff's constitutional rights, this claim is also subject to dismissal for failure to state a claim.

IV.

For the above reasons, the instant complaint will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this 25th day of June 2008.

/s/ 
Leonie M. Brinkema
**United States District Judge**

Alexandria, Virginia

11